# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSEPH GRADY,**

                                    **Plaintiff,**

**-vs-**                                               **Case No.  6:07-cv-1178-Orl-98KRS**

**MCDONALD'S CORPORATION,**

                                    **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 (Doc. No. 37)** |
| **FILED:** | **May 21, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Defendant McDonald's Restaurants of Florida, Inc., moves for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure on the basis that Plaintiff Joseph Grady's complaint had no basis in fact and was not warranted by existing law.  Doc. No. 37.  Grady responds by arguing that he had a factual basis for his discrimination complaint, and that 42 U.S.C. § 1981 offers relief to persons who can prove they have been victims of intentional racial discrimination.  Doc. No. 38.

"Although the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions 'normally will be determined at the end of litigation.'"  *Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998)(internal citation omitted).  There has been no adjudication of the merits of this action, and

Defendant has a motion pending before this Court for summary judgment.  *See* Doc. Nos. 40-42.

Given the status of the litigation, I am persuaded that any Rule 11 sanctions based on the alleged

frivolousness of the complaint should be addressed at the end of the litigation.

   **DONE** and **ORDERED** in Orlando, Florida on September 9, 2008.

*Karla R. Spaulding*

                           KARLA R. SPAULDING
                        UNITED STATES MAGISTRATE JUDGE